UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CHARLES MICHAEL ROSS, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>STATE OF TENNESSEE, *et al.*, )<br>)<br>*Defendants*. ) | Case No. 1:24-cv-190<br><br>Judge Atchley<br>Magistrate Judge Steger |

## MEMORANDUM OPINION AND ORDER

Since June 10, 2024, Plaintiff Charles Michael Ross has filed ten cases in the United States District Court for the Eastern District of Tennessee. This action was the first, alleging that Plaintiff was denied his right to file a petition for writ of certiorari in Tennessee state court and that the state court refused to serve summons on Plaintiff's behalf despite his affidavit of indigency.

Under 28 U.S.C. § 1915(e)(2), the Court must screen actions filed by plaintiffs proceeding *in forma pauperis*. If at any time the Court determines such an action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from a defendant who is immune from such relief, the Court must dismiss the action. 28 U.S.C. § 1915(e)(2).

United States Magistrate Judge Christopher H. Steger screened the Complaint pursuant to 28 U.S.C. § 1915(e) and recommends that this action be dismissed. On July 24, 2024, Judge Steger issued a Report and Recommendation [Doc. 12] pursuant to 28 U.S.C. § 636 and the rules of this Court. He found that Plaintiff's Complaint [Doc. 1] fails to state a claim for relief under 42 U.S.C. § 1983 because Plaintiff does not seek redress for violations of federal rights, but for violations of the Tennessee Constitution and state law. [Doc. 12 at 4]. Accordingly, the Magistrate Judge recommends this action be dismissed.

Plaintiff was advised that he had 14 days to object to the Report and Recommendation and that failure to do so would forfeit any right to appeal. [Doc. 12 at 4 n.1]; *see* Fed. R. Civ. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 148-51 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). Plaintiff timely filed an Objection [Doc. 13] to the Report and Recommendation.

For reasons that follow, the Objection [Doc. 13] will be **OVERRULED**, the Report & Recommendation [Doc. 12] will be **ACCEPTED** and **ADOPTED**, and this action will be **DISMISSED**.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Complaint arises out of a series of interactions he had with employees in the Hamilton County Courthouse on June 3 and 4, 2024. He alleges he attempted "to request to invoke the Writ of Certiorari under the Tennessee Constitution" at the Circuit Court Clerk's Office and was told that his filing/petition was incomplete. [Doc. 1 at 6, ¶ 1]. He made a similar attempt at the Chancery Court Clerk's Office and was also denied. He was told he would need a lawyer and/or could try again at the Circuit Court. According to his Complaint, he was told that the 10-day window to appeal had passed. He alleges he pointed the clerk's office employee to sections of an unidentified statute. [Doc. 1 at 6, ¶ 2].

Plaintiff's efforts were apparently successful because, according to his allegations, he filed a Writ of Certiorari in the Circuit Court.[1] [*Id.* at ¶ 3]. With that filing, he says he submitted a Uniform Civil Affidavit of Indigency. [*Id.*]. He was nonetheless told that he would have to pay for

---

[1] Based on his filings, it appears the action is actually pending in the Chancery Court. [*See* Doc. 9].

the sheriff serve the summonses. [*Id.*]. Following a "debate" about who would pay for service, a police officer asked Plaintiff to leave the property, which he did. [Doc. 1 at 6, ¶ 4].

The next day, summonses were issued by the Clerk of the Chancery Court. [Doc. 1 at 6, ¶ 5]. Plaintiff was once again told that he would have to pay to serve the summonses or that they could be mailed to him. [*Id.*]. After reviewing the Tennessee Rules of Civil Procedure, Plaintiff called the Chancery Court Clerk's Office and asked if the summonses needed to be served on the Tennessee Attorney General. [Doc. 1 at 6, ¶ 6]. He was told by two Clerk's Office employees that General Sessions Court judges are not the State of Tennessee but are instead the County, and thus proper procedure was being followed. [*Id.*].

Plaintiff's Complaint lists two Defendants: (1) the State of Tennessee, Jonathan Skrmetti, and (2) Hamilton County Courthouse. [Doc. 1 at 2]. He identifies the federal basis for this action as 42 U.S.C. § 1983, Article IV, Section 2 of the United States Constitution, and the Fourteenth Amendment. [Doc. 1 at 3]. His application to proceed in forma pauperis also mentions the Fifth Amendment. [Doc. 2 at 1]. For relief, he seeks $25,000 "for denial of rights under the Tennessee Constitution and the laws of Tennessee" based on the alleged actions of the employees of the clerk's office for the Chancery Court and Circuit Court. [Doc. 1 at 4].

Attached to the Complaint are several documents filed in the Chancery Court for Hamilton County, Case No. 24-075 (the "Writ Action"): a document requesting "to invoke the Writ of Certiorari" and summonses to Judge Alexander McVeagh and Judge Christie M. Sell. [Doc. 1 at 8-10]. Plaintiff appears to contend that this filing – Doc. 1 at 8 – constitutes a Petition for a Writ of Certiorari. The purported petition challenges a "final judgment lien" against Plaintiff, rendered in Hamilton County General Sessions Court, *Midland Credit Management, Inc. v. Charles Ross*, Case No. 23GS9587 (the "Midland Action"). [*Id.*]. In the Writ Action, Plaintiff alleges, *inter alia*,

that he was never served with civil summons in the Midland Action and that Judge McVeagh and Judge Sell did not have jurisdiction over the issues Plaintiff raised at the hearing in the Midland Action. [Doc. 1 at 8].

Plaintiff has since filed a Notice of Filing Evidence [Doc. 9] and a Notice [Doc. 11] in this action. The Notice of Filing of Evidence [Doc. 9] includes a motion to dismiss and supporting memorandum filed by defendants in the Writ Action. The Notice [Doc. 11] is a "Response to Motion to Dismiss" that Plaintiff apparently filed in the Writ Action.

In his Report and Recommendation, Magistrate Judge Steger explains that to bring a claim under 42 U.S.C. § 1983, a plaintiff must show he has been deprived of a right, privilege, or immunity secured to him by the United States Constitution or other federal law. [*Id.* at 3]. Plaintiff does not seek redress for violation of any federal rights, but for violations of the Tennessee State Constitution and state statute. So he cannot maintain an action under § 1983. The Magistrate Judge therefore recommends this action be dismissed for failure to state a claim upon which relief can be granted. [*Id.* at 4].

## II. STANDARD OF REVIEW

It is well-established that "[a] general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). In the absence of an objection, the district court is not obligated to conduct a *de novo* review of a report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Moreover, "the district court need not provide *de novo* review where the objections are 'frivolous, conclusive, or

4

general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*quoting Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Id.*

### III. ANALYSIS

Plaintiff's Objection [Doc. 13] argues Judge Steger is not a party to this case and no motion to dismiss has been filed. He complains that he has separately sued Judge Steger, yet Judge Steger has not recused himself in this action.

Substantively, he argues that Judge Steger's conclusions are wrong because Plaintiff "was denied [his] rights under the Tennessee Constitution Article VI, Section 10 and Tennessee Code 27-8-101, 102, and 104 to file a Writ of Certiorari in the Hamilton County Circuit Court." [Doc. 13 at 1]. He alleges he was "tricked" by the Clerk's Office into filling out summonses for two judges who cannot be sued in Tennessee State Courts and was wrongly told he had to pay to serve summonses despite his affidavit of indigency. He complains that he was ordered to leave public property while trying to enforce his rights, in violation of Article I, Section 17 of the Tennessee Constitution. He concludes: "I was therefore denied my right to due process of law and the equal protection of the law under the 5th and 14th Amendments of the Constitution of the United States." [*Id.*].

Plaintiff's objection [Doc. 13] will be **OVERRULED** for numerous reasons: (1) the Objection is legally insufficient to trigger *de novo* review; (2) the Complaint does not allege a federal claim or deprivation of a federally-created right; (3) even if a federal claim were asserted, the State of Tennessee is immune from suit and is not a "state actor" within the meaning of § 1983; and (4) the Complaint fails to allege any basis for municipal liability as to the County Defendants.

5

a. The Objection is Legally Insufficient

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection….'" *VanDiver*, 304 F. Supp. 2d at 937. That is what Plaintiff has done here: summarized his prior pleading and asserted that the violation of his rights under Tennessee law constitute a denial of his federal right to due process and equal protection of the law. [Doc. 13 at 1]. Because the Objection simply "restates the arguments previously presented, " it is "not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver*, 304 F. Supp. 2d at 937. Under these circumstances, the Court has no obligation to provide *de novo* review of the issues presented by the Objection. Out of an abundance of caution, the Court has nonetheless considered Plaintiff's contentions, insofar as they are discernible from the Objection.

b. Plaintiff Does Not Allege Deprivation of a Federally-Created Right

Plaintiff is not diverse from Defendants and does not meet the amount in controversy requirement, so he has to plead a federal cause of action in order to invoke the subject matter jurisdiction of this Court. He has not done so.

The Magistrate Judge found that Plaintiff does not seek redress for violation of any federal right, but for violations of the Tennessee State Constitution and state statute. Plaintiff's Objection confirms this conclusion: he lists all the ways he believes his rights under the Tennessee Constitution and Tennessee law were violated, and then summarily contends that he was "therefore denied [his] right to due process of law and the equal protection of the law under the 5th and 14th Amendments of the Constitution of the United States." [Doc. 13 at 1].

Plaintiff's claims are federal in name only. His statement of claim [Doc. 1 at 6-7] nowhere references federal law. His claim for relief is "for denial of rights under the Tennessee Constitution

and the laws of Tennessee." [Doc. 1 at 4]. Only when required to list the federal laws purportedly at issue does Plaintiff identify § 1983; Article IV, section 2 of the U.S. Constitution; and the Fourteenth Amendment. [Doc. 1 at 3]. Magistrate Judge Steger recommended dismissal precisely for this reason – because Plaintiff did not allege the violation of a federal right. [Doc. 12 at 4]. Given the opportunity to object to this conclusion, Plaintiff again listed alleged violations of the Tennessee Constitution and Tennessee statutes, summarily concluding that due to these violations, his federal rights were also violated. [Doc. 13 at 1].

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). So when a plaintiff "aver[s] deprivation of federal constitutional rights in conclusory terms, in an obvious bootstrap effort to obtain federal review of issues which are in the domain of the state courts," the Sixth Circuit has directed dismissal. *Morse v. Wozniak*, 565 F.2d 959, 960 (6th Cir. 1977). The Court has instructed that "in determining whether a federal court has jurisdiction over the subject matter of a claim, [the court] must look to see whether the alleged claim actually 'arises under' the Constitution or federal statutes and is not made solely for the purpose of obtaining jurisdiction." *Bush v. State Inds., Inc.*, 599 F.2d 780, 784 (6th Cir. 1979).

The Court rejects Plaintiff's attempt to obtain federal review of his Tennessee law claims.[2] Plaintiff affirmatively alleges that his interactions with courthouse employees constitute violations of the Tennessee Constitution and/or state law. He cannot sidestep the jurisdictional requirements

---

[2] *See also Anderson v. Cader Pub., Ltd.*, 2006 WL 2404508, *6 (E.D. Mich. Aug. 18, 2006) (recommending plaintiff "not be permitted to bootstrap his state law contract action into a federal court," and further recommending court decline to exercise supplemental jurisdiction); *Stinemetz v. McWherter*, 919 F.2d 739 (6th Cir. 1990) (table) ("As the plaintiffs have failed to state a civil rights claim in their complaint which is cognizable in federal court, their attempt to bootstrap jurisdiction by invoking § 1988 must fail.").

7

of federal court simply by listing a handful of federal laws without connecting them to his allegations.

Nor can he rely on 42 U.S.C. § 1983 to vindicate his rights under the Tennessee Constitution. A state constitutional claim is not cognizable under § 1983; section 1983 "is meant to provide a cause of action for violations of federally created rights, not state constitutions." *Luckett v. Turner*, 18 F.Supp. 2d 835, 839 (W.D. Tenn. 1998) (citations omitted) (whether pleaded as free-standing claims or the basis for a § 1983 action, plaintiff's state constitutional claims could not proceed in federal court). Because Plaintiff's claims do not arise under federal law, the Court lacks subject matter jurisdiction over this action and it must be dismissed.

As the Court will explain next, even if Plaintiff had alleged a federal claim, the Complaint would be subject to dismissal as to each Defendant.

    c. <u>The State of Tennessee is not a "state actor" and is Immune from Suit</u>

In the alternative, Plaintiff cannot maintain a § 1983 action against the State of Tennessee or its officials or instrumentalities. Section 1983 creates a private right of action for deprivations of federal rights caused by a "person" acting under color of law.[3] It is well-established that the State of Tennessee "is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). For this reason alone, Plaintiff's claims against the State of Tennessee are subject to dismissal.

Second, the State of Tennessee enjoys immunity from suit because the Eleventh Amendment bars claims brought by a citizen against his own state. *Hans v. Louisiana*, 134 U.S. 1

---

[3] Plaintiff has to rely on § 1983 bring any equal protection or due process claim. This is so because "the Fourteenth Amendment does not create a private right of action; instead, § 1983 provides a cause of action for all citizens injured by an abridgement of the protections set forth in the Equal Protection and Due Process Clauses of the Fourteenth Amendment." *Brent v. Wayne Cnty. Dep't of Human Servs.*, 901 F.3d 656, 683 (6th Cir. 2018) (internal punctuation and citation omitted).

(1890). There are several exceptions to Eleventh Amendment immunity, but none apply here: "[t]he Tennessee General Assembly has not waived the State's immunity to suit under § 1983, the Supreme Court has made clear that § 1983 does not abrogate[] the state's Eleventh Amendment immunity, and the complaint seeks exclusively monetary relief." *Doughty v. Tenn. Dep't of Children's Servs.*, 2016 WL 1706145, *4 (E.D. Tenn. April 28, 2016) (internal citation and punctuation omitted) (dismissing claims against State agency and individual defendants in their official capacities); *Johnson v. Tennessee*, 2012 WL 2064453, *3 (E.D. Tenn. June 6, 2012) ("Tennessee's state sovereign immunity under the Eleventh Amendment bars Plaintiff's claims for damages.").

"The Eleventh Amendment [] bars actions brought by a citizen of a state against his own state in federal court," and "bars § 1983 suits against state officials sued for damages in their official capacity." *Houston v. Tennessee*, 2011 WL 6002921, *4 (E.D. Tenn. Nov. 30, 2011) (quoting *Hans v. Louisiana*, 134 U.S. 1 (1890), and *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009)). The only relief Plaintiff requests is money damages, so his claims against the State of Tennessee – and any official capacity claim against the Tennessee Attorney General – are barred by the Eleventh Amendment.[4]

To the extent Plaintiff brings an individual capacity claim against Attorney General Jonathan Skrmetti, that claim also fails. To state such a claim, Plaintiff would have to allege that General Skrmetti deprived Plaintiff of a federal right while acting under color of law. *Kottymyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). Yet he makes no allegations about the Attorney

---

[4] Plaintiff clearly believes that several things should have been handled differently during his visit to the Hamilton County Courthouse and subsequent calls with the Chancery and/or Circuit Court clerk's office. He does not, however, petition the Court for any relief in this regard. All he asks for is money damages.

General at all. So all of Plaintiff's claims against the State of Tennessee and Attorney General Skrmetti will be **DISMISSED**.

### d. Failure to Allege Facts to Support Liability as to County Defendants

Plaintiff's claims against the County Defendants are likewise subject to dismissal. First, the "Hamilton County Courthouse" is a building. It is not a legal or political entity, so it cannot be sued. Elsewhere, Plaintiff lists "Hamilton County Circuit and Chancery Courthouse and Clerks" as Defendants in the case caption. [Doc. 1 at 1]. Construing these pro se pleadings liberally, the Court presumes Plaintiff intends to sue the Hamilton County Circuit Court Clerk(s) and Chancery Court Clerk(s) (the "County Defendants").

Regardless, Plaintiff's allegations against the County Defendants are treated as claims against the County. Tennessee Code § 5-23-102(4) defines "County officials" to include, *inter alia*, "county clerks of courts." T.C.A. § 5-23-102(4); *see Harness v. Anderson Cnty., Tenn.*, 2023 WL 4482371, *3 (6th Cir. July 12, 2023) ("[T]he Tennessee Supreme Court has already held that circuit-court clerks are county officials.").[5] Unlike the State of Tennessee, municipalities are "persons" subject to suit under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 700-1 (1978).

To state a § 1983 claim against the County Defendants, Plaintiff must allege a basis for imposing liability on the municipality itself; it is not enough that the Plaintiff was harmed by allegedly unconstitutional conduct of a County employee. Instead, "[a] plaintiff suing a municipality under § 1983 must show that she experienced a constitutional injury as the result of an official municipal policy." *Harness*, 2023 WL 4482371 at *2 (emphasis added). "[A] municipality cannot be held responsible for an alleged constitutional deprivation unless there is a

---

[5] *See also Knight v. Montgomery Cnty., Tenn.*, 2015 WL 2185973, *4 (M.D. Tenn. May 8, 2015) (reasoning that the Circuit Court is a political subdivision of either the County or the State, so claims against it are either barred by Eleventh Amendment immunity or subject to dismissal for failure to allege facts to support *Monell* liability).

10

direct causal link between a policy or custom of the municipality and the alleged constitutional violation." *Knight v. Montgomery Cnty., Tenn.*, 2015 WL 2185973, *4 (M.D. Tenn. May 8, 2015) (citing *Monell*, 436 U.S. at 694)).

Plaintiff does not allege that he was harmed by any official policy or custom of Hamilton County, Tennessee. He does not allege ratification of illegal actions by a decision-maker,[6] a policy of inadequate training or supervision, or a custom of tolerance of federal rights violations. *See Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). Plaintiff makes no allegations whatsoever to support *Monell* liability. He also does not name any individual County employees or Doe defendants, nor does he suggest his claims are against anyone in their individual capacity. Accordingly, Plaintiff's claims against the County Defendants must be **DISMISSED**.

There being no viable federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, which will be **DISMISSED**.

e. Remaining Issues

Finally, Plaintiff complains that Magistrate Judge Steger is not a party to this case and no motion to dismiss has been filed. His contentions are meritless. Judge Steger is the United States Magistrate Judge assigned to this case. As he explained in his Report & Recommendation, the Court is responsible for screening complaints filed by plaintiffs proceeding *in forma pauperis*, as provided in 28 U.S.C. § 1915(e)(2).

That Plaintiff has since sued Judge Steger in another action does not require his recusal here, or that of the undersigned. *See, e.g., United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993 (baseless personal attacks or suits against a judge by a party are not bases for recusal); *United States v. Martin-Trigona*, 759 F.2d 1017, 1020-21 (2d Cir. 1985) (party cannot force recusal

---

[6] In this regard, note that Plaintiff uses the word "clerk" to refer to the employees of the Clerk's Office, not specifically to the Clerk of Court. He makes no allegations about the Clerk of Court specifically.

merely by filing a complaint or lawsuit against a judge). Plaintiff makes no allegations of bias or prejudice and in any event, "conclusory allegations of bias or prejudice are insufficient to support recusal." *In re Jones*, 2021 WL 1811625, * 1 (6th Cir. Feb. 2, 2021); *see United States v. Elsea*, 2022 WL 2751750, *1 (E.D. Tenn. July 13, 2022) ("[T]his Court's sole source of knowledge of this case and its facts arose from the natural progression of the case itself, which precludes a finding of bias or prejudice.").

## IV. CONCLUSION

Accordingly, Plaintiff's Objection [Doc. 13] is **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** the findings of fact and conclusions of law set forth in the Report and Recommendation [Doc. 12], as modified by this Memorandum Opinion. The Complaint [Doc. 1] is **DISMISSED** for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim.

A separate judgment shall enter.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
CHARLES E. ATCHLEY, JR.
UNITED STATES DISTRICT JUDGE